PRESS COPY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VERONICA THOMPSON, individually and on
behalf of any and all similarly situated consumers,

                Plaintiff,

     -against-

ALLIED INTERSTATE, INC. and JOHN and/or
JANE DOES 1 – 10,

              Defendant(s).
-----------------------------------------------------------------X

Civil Action No.

**CLASS ACTION
COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff VERONICA THOMPSON ("Plaintiff" and/or "Thompson"), by and through its attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant ALLIED INTERSTATE, INC. ("Allied") and JOHN and/or JANE DOES 1–10 ("Does") (Allied and Does hereinafter individually and jointly referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1.    Plaintiff brings this action on his/her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

**PARTIES**

2.    Plaintiff is a resident of the State of New York, County of Kings, with an address at PO Box 160354, Brooklyn, New York 11216.

3.    Defendant Allied is a professional corporation engaged in business of collecting debts with a business located at 3000 Corporate Exchange Drive, Columbus, Ohio 43231.

4.      Allied, as well as John and Jane Does 1 – 10, are "debt collector(s)" as the phrase is defined and used in the FDCPA

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7.      Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendants.

8.      This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9.      The Class is so numerous that joinder of all members is impracticable. Upon information and belief, numerous persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10.     The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the

hypothetical "least sophisticated consumer".

11.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class

members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17.     Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18.     Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.     On information and belief, on a date better known to the Defendant, Sprint ("Sprint") retained the Defendant to begin collecting an alleged consumer debt from the Plaintiff.

22.     On information and belief, on a date better known to the Defendant, Defendant began collecting the alleged consumer debt from the Plaintiff.

23.     On or about January 26, 2009, the Defendant sent the Plaintiff a collection letter ("January Letter").

24.     The January Letter is a mass-produced computer generated written

communication.

25.     The January Letter was the first communication the Plaintiff received from the Defendant.

26.     The January Letter included a validation notice that afforded the Plaintiff "30 days after **receiving"** *(emphasis added)* such letter to "dispute the validity of [the] debt or any part thereof" ("Validation Statement").

27.     The January Letter also included, amongst other things, a statement that "Late payments, missed payments or other defaults on your account may be reflected in your credit report on or after 40 days **from the date of this letter**" *(emphasis added)* ("40 Day Default Statement").

28.     The January Letter also included, amongst other things, a statement that "However, if the referenced Amount Due is not paid within 40 days **from the date of this letter**" we will not report this debt *(emphasis added)* ("40 Day Report Statement").

29.     The inclusion of the 40 Day Default Statement in the January Letter, offering, amongst other things, a forty day time period, conflicts and/or contradicts with the Validation Statement, and, as such, is confusing to the least sophisticated debtor.

30.     The inclusion of the 40 Day Report Statement in the January Letter, offering, amongst other things, a forty day time period, conflicts and/or contradicts with the Validation Statement, and, as such, is confusing to the least sophisticated debtor.

31.     The inclusion of the 40 Day Report Statement in the January Letter, stating, amongst other things, a reference to any Amount Due and with consequences for non-payment, conflicts and/or contradicts with the Validation Statement, and, as such, is confusing to the least sophisticated debtor.

32.     The Validation Statement is obscured by the format of the January Letter.

33.     The Validation Statement is diminished by the format of the January Letter.

34.      The inclusion of the 40 Day Report Statement and the 40 Day Default Statement, as well as the diminishing of the Validation Statement, was meant to harass and/or abuse the Plaintiff.

35.     As a result of Defendant's harassing, abusive, deceptive and unfair debt collection practices, Plaintiff and the Class have been damaged.

## FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

36.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37.     Defendant's debt collection attempts attempted and/or directed towards the Plaintiff and/or the Class violate various provisions of the FDCPA, including but not limited to 15 USC §§1692g and 1692d.

38.     As a result of defendant's violations of the FDCPA, Plaintiff and the Class have been damaged and are entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

39.     Plaintiff VERONICA THOMPSON hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff VERONICA THOMPSON, on its behalf and on behalf of the

members of the Class, demands judgment from the Defendants ALLIED INTERSTATE, INC. and JOHN and/or JANE DOES 1–10 as follows:

      A.    For actual damages provided and pursuant to <u>15 USC §1692k(a)(1)</u>;

      B.    For statutory damages provided and pursuant to <u>15 USC §1692k(2)(A)</u>;

      C.    For statutory damages provided and pursuant to <u>15 USC §1692k(2)(B)</u>;

      D.    For attorneys' fees and costs provided and pursuant to <u>15 USC §1692k(a)(3)</u>;

      E.    A declaration that the Defendant's practices violated the FDCPA; and,

      F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     New York, New York
            September 14, 2009

             Respectfully submitted,

             By:_____
             M. Harvey Rephen, Esq. (MR3384)
             M. HARVEY REPHEN & ASSOCIATES, P.C.
             708 Third Avenue, 6th Floor
             New York, New York 10017
             Phone:    (212) 796-0930
             Facsimile: (866) 832-8600

             *Attorneys for the Plaintiff* VERONICA THOMPSON

To:   ALLIED INTERSTATE, INC.
      3000 Corporate Exchange Drive
      Columbus, Ohio 43231
      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Eastern of New YorK
      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO.:

VERONICA THOMPSON, individually and on behalf of any and all similarly situated
consumers,

                                        Plaintiff(s),

        -against-

ALLIED INTERSTATE, INC. and JOHN and/or JANE DOES 1 – 10,

                                        Defendant(s).

_____

## COMPLAINT

_____

M. HARVEY REPHEN & ASSOCIATES, P.C.
108 Third Avenue, 6th Floor
New York, New York 10017
Phone:      (212) 796-0930
Facsimile: (866) 632-8600

_____